IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LARRY L. BUSH                                 * | |
|          Plaintiff, | |
| v.                                            * | CIVIL ACTION NO. JFM-13-2646 |
| MRS. MASSELINO[1]                             * | |
| MS. HILL | |
| MS. WILKES                                    * | |
| VOLUNTEERS OF AMERICA | |
|          Defendants.              * | |
| *****| |

MEMORANDUM

On September 11, 2013, Larry L. Bush filed this civil rights action against staff employed at the Volunteers of America Chesapeake ("VOAC") Residential Re-Entry Center in Baltimore, Maryland, alleging that his grievances were ignored and not answered. He further claims that after he wrote a letter to a local Congressman, defendants "began a series of professional and individual acts against [him] to harass, intimidate, threaten, coerce and derail his progress towards transition to including the filing of a false incident report." ECF No. 1. Bush further allges that he was treated with "antipathy" and disrespect due to his mental health issues and homosexuality. He additionally asserts that his access to the law library was impeded and his access to medical treatment was obstructed. *Id*. He sought injunctive and declaratory relief, along with punitive and compensatory damages.

On February 28, 2014, defendants' motion to dismiss was denied and the parties were granted additional time to file further briefing. On April 25, 2014, defendants filed a motion to

---

[1] The Clerk shall amend the docket to reflect the correct name of this defendant as Masslieno.

dismiss or, in the alternative, motion for summary judgment. ECF No. 13. The motion may be determined without an oral hearing.[2] *See* Local Rule 105.6 (D. Md. 2014).

## III. Standard of Review

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). Because Bush is self-represented, his submissions are liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). In evaluating the complaint, the court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Here, Bush has not filed an opposition to the motion, nor has he filed an affidavit under Rule 56(d). In my view, it is appropriate to address defendants' motion as for summary judgment.

---

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on April 28, 2014, the court notified Bush that defendants had filed a dispositive motion, he was entitled to file opposition materials, and his failure to file an opposition or to show a genuine dispute of material fact could result in the dismissal of his case. ECF No. 14. No materials have been filed by Bush.

Summary Judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original). In resolving the motion, the court should "view the evidence in the light most favorable to ... the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644–45 (4th Cir. 2002). However, "[t]he party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 525 (4th Cir.2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). Moreover, the court must abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat,* 346 F.3d at 526 (quoting *Drewitt v. Pratt,* 999 F.2d 774, 778–79 (4th Cir.1993), and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986)).

**IV. Discussion**

Bush was serving a federal sentence for bank fraud and fraudulent use of a social security numbers.  Six months before his release on May 31, 2013, he became a resident of the VOAC

Residential Re-Entry Center in Baltimore, Maryland.  He was released from custody on November 13, 2013.  ECF No. 13 at Ex. A.

Defendants argue that the complaint is subject to dismissal because: (1) the terms of the Prison Litigation Reform Act or 42 U.S.C. § 1997e, should apply to this case; (2) Bush has failed to articulate sufficient facts to establish a violation of his constitutional rights; (3) Bush's claims of retaliation, denial of access to the courts and of Eighth Amendment violations are belied by the facts; and (4) Bush has failed to exhaust his administrative remedies as required under § 1997e(a).  With the unopposed facts and standards in mind, the court shall address Bush's claims

**Legal Analysis**

Defendants contend that Bush's claims are barred due to his failure to exhaust his administrative remedies.  The court agrees.  Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  Administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner.  Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s).  *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Correctional*

*Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

There is no dispute that Bush was in custody when he filed this action. Therefore, he must comply with § 1997e(a) exhaustion requirements. The record shows that he filed four grievances with the VOAC in July and August of 2013. ECF No. 13 at Exs. D & I. Defendant Masslieno affirms that she met with Bush in regard to each grievance, Bush "was satisfied that the grievances filed were sufficiently resolved," and Bush did not seek to file an appeal to a higher level within the VOAC grievance process. *Id*. The unopposed record shows that Bush had access to the VOAC grievance process (ECF No. 13 at Ex. E), and failed to avail himself the full exhaustion procedure. The complaint is therefore subject to dismissal for non-exhaustion.

Alternatively, the court finds that under the accepted and undisputed facts, Bush has failed to show violations of his Eighth and Fourteenth Amendment rights. Bush never filed a formal request to visit the law library, despite having the ability to do so. ECF No. 13 at Exs. F, G & I. Further, Bush has not articulated how he experienced an actual legal injury from the alleged denial of access to the library. *See Lewis v. Casey*, 518 U. S. 343, 355 (1996). In addition, records show that Bush was able to attend regular religious services and to obtain medical and mental assistance while at VOAC. *Id*. at Ex. F. Finally, to the extent that Bush claims that he was retaliated against when he was cited with a false incident report, the record illustrates that an investigation was conducted into the incident at issue and that the incident was informally resolved and Bush did not receive a sanction. ECF No. 13 at Exs. B, C & I. Thus, no injury has been demonstrated.

**V.    Conclusion**

For reasons articulated herein, the court shall grant the summary judgment motion filed by defendants and enter judgment in their favor.  A separate Order effecting the rulings made in this opinion is entered herewith.


Date:   September 3, 2014              /s/
                                       J. Frederick Motz
                                       United States District Judge